UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIKNDER S., | No. 1:26-cv-00411-KES-SKO (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| CHRISTOPHER CHESTNUT, Warden of California City Detention Center; MOISES BECERRA, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Field Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States, | Doc. 1 |
| Respondents. | |

Petitioner Siknder S. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1]  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim two of the petition.  *See, e.g.*, *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16,

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Clene C.D. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford* and that would justify denying the petition.  Doc. 5.  Respondents confirm that they "do not have legal arguments to distinguish this case from previous orders issued by the Court, nor do Respondents identify material factual differences between this case and those identified by the Court in the Order to Show Cause."  Doc. 8 at 1.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to claim two, for the reasons addressed in those prior orders.[2]

Respondents are ORDERED to release petitioner immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    January 24, 2026

UNITED STATES DISTRICT JUDGE

---

[2] The Court need not address petitioner's other cause of action as petitioner is entitled to the relief he seeks based on the Court's ruling on claim two.

2